# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.G., et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>KERN COUNTY, et al.,<br><br>　　　　Defendants. | Case No.: 1:18-cv-0257 - JLT<br><br>ORDER GRANTING THE MOTION TO APPOINT REBECCA P. AS GUARDIAN AD LITEM FOR MINOR PLAINTIFF P.P. |

Plaintiffs assert they suffered violations of their civil rights and discrimination due to their disabilities while held at Kern County's juvenile detention facilities. Because Plaintiff P.P. remains a minor, he is unable to prosecute the claims presented. Accordingly, Rebecca P. seeks appointment as the guardian ad litem for P.P., who is her grandson. (Doc. 45) For the reasons set forth below, the request is **GRANTED**.

## I.　Appointment of a Guardian Ad Litem

Pursuant to the Federal Rules of Civil Procedure, "[a] minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). In addition, a court "must appoint a guardian ad litem - or issue another appropriate order - to protect a minor or incompetent person who is unrepresented in an action." *Id*. The capacity of an individual to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b). P.P. resides in California (*See* Doc. 45 at 3), and the law of the state governs.

1

Under California law, an individual under the age of eighteen is a minor, and a minor may bring suit as long as a guardian conducts the proceedings. Cal. Fam. Code §§ 6502, 6601. A guardian ad litem may be appointed to represent the minor's interests. Cal. Code Civ. P. § 372(a). To evaluate whether to appoint a particular guardian ad litem, the Court must consider whether the minor and the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1). For example, "[w]hen there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action, a court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests." *Williams v. Super. Ct.*, 147 Cal. App. 4th 36, 38 (Cal. Ct. App. 4th 2007) (internal quotation marks and citation omitted). If the person seeking appointment as a guardian ad litem "has an actual or potential conflict of interest," that individual "has no right to control or influence the child's litigation." *Id.* at 50.

**II.    Discussion and Analysis**

Plaintiff P.P. is the paternal grandson of Rebecca P. and is a seventeen-year-old minor under California law. *See* Cal. Fam. Code § 6502. As a minor, his ability to bring suit is contingent upon appointment by the court of a guardian ad litem. Upon review of the Complaint, it does not appear there are adverse interests, because Rebecca P. does not state any claims in the action, and the only named plaintiffs are those of T.G., P.P, and J.A. (*See* Doc. 1) Further, Plaintiffs report that Rebecca P. was appointed as the guardian of P.P. by the Superior Court of California for the County of Kern, Probate Division. (Doc. 45 at 2) She reports that she is "willing and able to pursue this action on [her] grandson's behalf to the best of [her] ability." (Doc. 45-1 at 3, ¶ 9)

Because there is neither an actual nor potential conflict of interest between P.P. and Rebecca P., appointment of Rebecca P. as guardian ad litem for her grandson in this action is appropriate. *See Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) (appointment of a guardian is appropriate where the person seeking appointment has "the same interests as the child" and there is no inherent conflict of interest).

**III.   Conclusion and Order**

The decision whether to appoint a guardian ad litem is "normally left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land, etc.*, 795 F.2d 796, 804 (9th Cir. 1986). Here, it

does not appear Rebecca P. has conflicting interests with her grandson, and as such she may be appointed to represent the interests of P.P. Therefore, the Court is acting within its discretion to grant Plaintiff's motion for appointment of Rebecca P. as the guardian ad litem.

Based upon the foregoing, the Court **ORDERS**:

1. The motion for appointment of Rebecca P. as guardian ad litem for P.P. (Doc. 45) is **GRANTED**; and
2. Rebecca P. is appointed to act as guardian ad litem for plaintiff P.P., and is authorized to prosecute this action on his behalf.

IT IS SO ORDERED.

Dated: **October 11, 2019**             **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE