UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.G. et al., | Case No. 1:18-cv-00257-CDB |
| Plaintiffs, | **ORDER ON STIPULATED REQUEST TO AMENDED FINAL APPROVAL ORDER AND MODIFY SETTLEMENT AGREEMENT** |
| v. | |
| KERN COUNTY, et al., | (Docs. 73, 75) |
| Defendants. | |

**Introduction**

On June 5, 2020, the Court granted final approval of the parties' proposed class action settlements and granted Plaintiffs' motion for fees and costs. (Doc. 73).[1] Pending before the Court is the parties' stipulated request for Court order modifying the class action settlement agreement, filed August 9, 2023. (Doc. 75). Specifically, the parties ask the Court to approve an addendum (Doc. 75-2, the "Second Addendum") that extends the settlement monitoring term approximately six additional months to address concerns about continuous implementation of certain items under the Court School Implementation Plan and other delays that resulted as a result of the COVID-19 pandemic.

For the reasons stated below, the Court grants the parties stipulated request.

---

[1] The parties consented to the magistrate judge's jurisdiction in this case for all proceedings, including trial and entry of final judgment as provided by 28 U.S.C. § 636(c)(1). *See* Docs. 27, 31, 32, 33).

**Background**

On February 21, 2018, Plaintiffs initiated this action by filing a complaint on behalf of themselves and all other persons similarly situated, asserting the following causes of action: (1) violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*; (2) violation of the Rehabilitation Act, 29 U.S.C. § 794 *et seq.*; (3) violation of the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.*; (4) violation of Cal. Gov't Code § 11135; and (5) violation of California Education Code for Students with Disabilities.  (Doc. 1 at 40-55). Plaintiffs allege that Defendants – in their management of juvenile facilities – have adopted policies and practices that adversely affect youth with mental, behavioral, learning, intellectual, and/or developmental disabilities.  (Doc. 60 pp. 3-4).   Plaintiffs sought declaratory and injunctive relief including:

> a. reasonable modifications to policies, practices, and procedures related to chemical and physical force, prone restraint, isolation, solitary confinement, behavior management, mental health programming, reentry, special education, and classroom management to ensure that youth do not suffer discrimination because of their mental health, behavioral, learning, intellectual, and/or developmental disabilities;
>
> b. a free appropriate public education and meaningful access to education, including compliance with all general and special education laws and regulations that protect students with disabilities; [and]
>
> c. educational and rehabilitative services for all youth with disabilities who are isolated as a disciplinary measure for any amount of time[.]

(Doc. 1 at 54-55). On August 30, 2019, Plaintiffs and Defendants Kern County Superintendent of Schools and Superintendent Mary C. Barlow, in her official capacity (collectively "KCSOS") entered into a Class Action Settlement Agreement to resolve the issues in this case.  (Docs. 36, 60).  Under the settlement agreement, KCSOS was required to develop a Court Schools Implementation Plan ("Schools Plan" or "CSIP") which will:

> (1) assess students' needs, including the need for Education Related Mental Health Services ("ERMHS"); (2) provide basic instruction in literacy, numeracy, and current events; (3) determine students' prior school history and special education eligibility; (4) identify English learners; and (5) determine students' instructional needs.

(Doc. 60 at 14-15). The agreement also required the parties to retain a "Monitoring Expert" to monitor KCSOS's compliance with the Schools Plan for the term ("Monitoring Term") of the settlement.[2] The Monitoring Expert is tasked with preparing written reports for review and comments by the parties on a quarterly basis for the first year of the Monitoring Term, and on a semiannual basis thereafter. (*Id*. at 18). At the conclusion of the Monitoring Term, the Monitoring Expert is to issue a final report. (*Id*. at 11) The Monitoring Expert is to be given full and reasonable access to all information necessary to assist in conducting the review of the Schools Plan and monitoring KCSOS's progress in its implementation, including access to KCSOS personnel, documents, facilities, records, and incarcerated youth. The parties agreed that Judy Elliot, Ph.D. ("Dr. Elliott"), be retained as a monitoring expert. (Doc. 60 p. 18).

Dr. Elliott was set to monitor KSOS' compliance with the Schools Plan for a period of three years beginning on January 1, 2020. (Doc. 62 p. 6). However, on March 18, 2020, due to the COVID-19 public health emergency, as required by federal, State of California and local orders, KCSOS stopped providing regular in-person classroom instruction to students in the juvenile facilities. (Doc. 75 p. 1).

On or around May 6, 2020, the Parties executed an "Addendum to the Class Action Settlement Agreement" to address the implementation delays caused by the COVID-19 pandemic. (Doc. 60-4). The Addendum placed the Monitoring Term in abeyance.

On or around, March 5, 2021, the parties and Dr. Elliott met and conferred and agreed to lift the abeyance and restart the Monitoring Term on the following schedule:

a . March 29, 2021: Restart Monitoring Term.

b. January 11, 2024: End of Monitoring Term.

c. January 25, 2024: Final Expert Report Due.

(Doc. 75-1 "Borrelle Decl." ¶ 5). In their pending stipulation, the parties represent that Dr. Elliott identified further implementation delays in a report dated May 16, 2023. (Doc. 75 p. 2). Plaintiffs and KCSOS met and conferred and agreed that the Monitoring Term should be

---

[2] According to Plaintiffs and KCSOS, Defendants Kern County, Kern County Probation Department, and T.R. Merickel have concluded their settlement agreement with Plaintiffs and are not parties to the pending stipulation. (Doc. 75 p. 1 n.1).

extended by an additional six months to achieve full implementation of the Schools Plan. Under the stipulated Second Addendum, the Monitoring Term will be amended as follows:

    a. The Monitoring Term will end on June 30, 2024;

    b. The Monitor's next periodic report is due by December 1, 2023; and

    c. The Monitor's final report is due May 20, 2024.

**Governing Law and Discussion**

"The claims, issues, or defenses of a certified class … may be settled ... only with the court's approval." Fed. R. Civ. P. 23(e). When parties settle the action prior to class certification, the Court has an obligation to "peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003). After determining a class exists, the Court must "determine whether the proposed settlement is fundamentally fair, adequate, and reasonable." *Id*. (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)). To assess whether a proposed settlement complies with Rule 23(e), the Court "may consider some or all" of the following factors: (1) the strength of plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 963 (9th Cir. 2009).  In addition, "[a]dequate notice is critical to court approval of a class settlement under Rule 23(e)." *Hanlon*, 150 F.3d at 1026.

As discussed further below, the Court finds that the settlement as proposed with modification (the Addendum) remains and is fair, adequate, and reasonable, and that Class Members received adequate notice.

In its Order Granting Final Approval of the Class Action Settlements, the Court found that no parties or class members objected to any of the settlement terms or to the award of fees. (Doc. 73 p. 2).  Furthermore, since the stipulated modifications present no facts that would affect the Court's previous finding that a class exists under Rule 23(a)-(b), the Court adopts the reasoning

from its previous Final Approval Order. *See Giroux. v. Essex Property Trust, Inc.*, 2019 WL 2106587, at *2 (N.D. Cal. May 14, 2019) (approving stipulated amendments to a class settlement agreement after final approving and incorporating prior analysis under Rules 23(a) and (b) because no facts that would affect those requirements changed); *In re Cathode Ray Tube (CRT) Antitrust Litigation*, 2020 WL 1873554, at * 5 (N.D. Cal. Mar. 11, 2020) (same; citing with approval *Giroux*).

Likewise, the Court finds that the settlement agreement remains fundamentally fair, adequate and reasonable, with the incorporation of the parties' proposed amendment. *Hanlon*, F.3d at 1026. The proposed amendments will extend the Monitoring Term and allow the Defendants as well as the class members to keep the benefit of the bargain reached in the original final settlement. This case involves a governmental participant, and implementation of the Schools Plan is a vital component of the injunctive relief sought by Plaintiffs. (Doc. 73 p. 5). Counsel for Plaintiffs and KCSO both agree that the proposed amendments are necessary to fully implement their agreed upon Schools Plan. (Doc. 75 p. 3).

**Conclusion and Order**

Accordingly, for good cause shown, the Court **GRANTS** the parties' stipulated request to modify the class action settlement agreement to the extent of incorporating the Second Addendum (Doc. 75-2) and the extended timetable set forth therein.

IT IS SO ORDERED.

Dated:   **August 15, 2023**                              _____
                                                                                       UNITED STATES MAGISTRATE JUDGE