UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.G., *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>KERN COUNTY, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:18-cv-00257-CDB<br><br>ORDER ON STIPULATED REQUEST TO MODIFY SETTLEMENT AGREEMENT<br><br>(Doc. 78) |

**Introduction**

On June 5, 2020, the Court granted final approval of the parties' proposed class action settlements and granted Plaintiffs' motion for fees and costs. (Doc. 73).[1] On August 15, 2023, the Court granted (Doc. 77) the parties' stipulation (Doc. 75) for modification of the class settlement agreement.

Pending before the Court is the parties' second stipulated request for Court order modifying the class action settlement agreement, filed October 8, 2024. (Doc. 78). Specifically, the parties ask the Court to approve an addendum (Doc. 78-2, the "Third Addendum") that extends the settlement monitoring term approximately seven additional months to address concerns about continuous implementation of certain items under the Court School

---

[1] The parties consented to the magistrate judge's jurisdiction in this case for all proceedings, including trial and entry of final judgment as provided by 28 U.S.C. § 636(c)(1). *See* (Docs. 27, 31, 32, 33).

Implementation Plan ("CSIP").

For the reasons stated below, the Court grants the parties' stipulated request.

**Background**

On February 21, 2018, Plaintiffs initiated this action by filing a complaint on behalf of themselves and all other persons similarly situated, asserting the following causes of action: (1) violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*; (2) violation of the Rehabilitation Act, 29 U.S.C. § 794 *et seq.*; (3) violation of the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.*; (4) violation of Cal. Gov't Code § 11135; and (5) violation of California Education Code for Students with Disabilities. (Doc. 1 at 40-55). Plaintiffs allege that Defendants – in their management of juvenile facilities – have adopted policies and practices that adversely affect youth with mental, behavioral, learning, intellectual, and/or developmental disabilities. (Doc. 60 pp. 3-4). Plaintiffs sought declaratory and injunctive relief including:

> a. reasonable modifications to policies, practices, and procedures related to chemical and physical force, prone restraint, isolation, solitary confinement, behavior management, mental health programming, reentry, special education, and classroom management to ensure that youth do not suffer discrimination because of their mental health, behavioral, learning, intellectual, and/or developmental disabilities;
>
> b. a free appropriate public education and meaningful access to education, including compliance with all general and special education laws and regulations that protect students with disabilities; [and]
>
> c. educational and rehabilitative services for all youth with disabilities who are isolated as a disciplinary measure for any amount of time[.]

(Doc. 1 at 54-55). On August 30, 2019, Plaintiffs and Defendants Kern County Superintendent of Schools and Superintendent Mary C. Barlow, in her official capacity (collectively "KCSOS") entered into a Class Action Settlement Agreement to resolve the issues in this case. (Docs. 36, 60). Under the settlement agreement, KCSOS was required to develop a Court Schools Implementation Plan ("Schools Plan" or "CSIP") which will:

> (1) assess students' needs, including the need for Education

>Related Mental Health Services ("ERMHS"); (2) provide basic instruction in literacy, numeracy, and current events; (3) determine students' prior school history and special education eligibility; (4) identify English learners; and (5) determine students' instructional needs.

(Doc. 60 at 14-15). The agreement also required the parties to retain a "Monitoring Expert" to monitor KCSOS's compliance with the Schools Plan for the term ("Monitoring Term") of the settlement.[2] The Monitoring Expert is tasked with preparing written reports for review and comments by the parties on a quarterly basis for the first year of the Monitoring Term, and on a semiannual basis thereafter. *Id*. at 18. At the conclusion of the Monitoring Term, the Monitoring Expert is to issue a final report. *Id*. at 11. The Monitoring Expert is to be given full and reasonable access to all information necessary to assist in conducting the review of the Schools Plan and monitoring KCSOS's progress in its implementation, including access to KCSOS personnel, documents, facilities, records, and incarcerated youth. The parties agreed that Judy Elliot, Ph.D. ("Dr. Elliott"), be retained as a monitoring expert. (Doc. 60 p. 18).

Dr. Elliott was set to monitor KSOS' compliance with the Schools Plan for a period of three years beginning on January 1, 2020. (Doc. 62 p. 6). However, on March 18, 2020, due to the COVID-19 public health emergency, as required by federal, State of California and local orders, KCSOS stopped providing regular in-person classroom instruction to students in the juvenile facilities. (Doc. 75 p. 1).

On or around May 6, 2020, the Parties executed an "Addendum to the Class Action Settlement Agreement" to address the implementation delays caused by the COVID-19 pandemic. (Doc. 60-4). The Addendum placed the Monitoring Term in abeyance.

On or around, March 5, 2021, the parties and Dr. Elliott met and conferred and agreed to lift the abeyance and restart the Monitoring Term on the following schedule:

a. March 29, 2021: Restart Monitoring Term.

b. January 11, 2024: End of Monitoring Term.

c. January 25, 2024: Final Expert Report Due.

---

[2] According to Plaintiffs and KCSOS, Defendants Kern County, Kern County Probation Department, and T.R. Merickel have concluded their settlement agreement with Plaintiffs and are not parties to the pending stipulation. (Doc. 75 p. 1 n.1).

(Doc. 75-1, Declaration of Robert J. Borelle, Jr., ¶5).

On August 9, 2023, the parties filed their first stipulation to modify the class action settlement agreement. (Doc. 75). The parties represented that the requested modification was necessary because Dr. Elliott identified further implementation delays in a report dated May 16, 2023. (Doc. 75 p. 2). According to their representations, Plaintiffs and KCSOS met and conferred and agreed that the Monitoring Term should be extended by an additional six months to achieve full implementation of the Schools Plan.

The Court granted the parties' stipulated request (the "Second Addendum") and the Monitoring Term was amended as follows:

    a. The Monitoring Term to end on June 30, 2024;

    b. The Monitor's next periodic report due by December 1, 2023; and

    c. The Monitor's final report due May 20, 2024.

(Doc. 77).

**The Parties' Pending Stipulated Request for Further Amendment**

In their pending stipulated request, the parties represent that the extended period granted by the Court within which to accomplish the class action settlement's goals was insufficient as there remains four areas of deficiency months after the extended Monitoring Term ended. (Doc. 78 pp. 3-4; Doc. 78-1, "Second Borrelle Decl." ¶¶ 7-9, 12). The parties further represent that they negotiated the Third Addendum in a "lengthy dispute resolution process, aided by the input of the Monitoring Expert, and agree that its proposed modifications to the Agreement are necessary to complete the four remaining CSIP items." (Doc. 78 p. 8). The parties request the Court enter an order granting the following modifications to the Agreement:

    a. The Monitoring Term will end on February 7, 2025;

    b. The Monitor's final report is due by December 13, 2024; and

    c. Dr. John G. Mendiburu will substitute Dr. Marcy Barlow as the Defendant named in his official capacity pursuant to Federal Rule of Civil Procedure 25(d).

*Id.* Counsel for Plaintiffs attests that Dr. Elliott "believe[s] KCSOS would likely be able to cure the deficiencies and come into compliance with the remaining four items" within the requested

4

extended timeline set forth in the Third Addendum.  Second Borrelle Decl. ¶ 14.

**Governing Law and Discussion**

"The claims, issues, or defenses of a certified class … may be settled ... only with the court's approval." Fed. R. Civ. P. 23(e). When parties settle the action prior to class certification, the Court has an obligation to "peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003). After determining a class exists, the Court must "determine whether the proposed settlement is fundamentally fair, adequate, and reasonable." *Id*. (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)). To assess whether a proposed settlement complies with Rule 23(e), the Court "may consider some or all" of the following factors: (1) the strength of plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement.  *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 963 (9th Cir. 2009).  In addition, "[a]dequate notice is critical to court approval of a class settlement under Rule 23(e)."  *Hanlon*, 150 F.3d at 1026.

As discussed further below, the Court finds that the settlement as proposed with modification (the Third Addendum, Doc. 78-2) remains and is fair, adequate, and reasonable, and that Class Members received adequate notice.

In its Order Granting Final Approval of the Class Action Settlements, the Court found that no parties or class members objected to any of the settlement terms or to the award of fees. (Doc. 73 p. 2).  Furthermore, since the stipulated modifications present no facts that would affect the Court's previous finding that a class exists under Rule 23(a)-(b), the Court adopts the reasoning from its previous Final Approval Order.  *See Giroux. v. Essex Property Trust, Inc.*, 2019 WL 2106587, at *2 (N.D. Cal. May 14, 2019) (approving stipulated amendments to a class settlement agreement after final approving and incorporating prior analysis under Rules 23(a) and (b) because no facts that would affect those requirements changed); *In re Cathode Ray Tube (CRT)*

*Antitrust Litigation*, 2020 WL 1873554, at * 5 (N.D. Cal. Mar. 11, 2020) (same; citing with approval *Giroux*).

Likewise, the Court finds that the settlement agreement remains fundamentally fair, adequate and reasonable, with the incorporation of the parties' proposed amendment. *Hanlon*, F.3d at 1026. The proposed amendments will extend the Monitoring Term and allow the Defendants as well as the class members to keep the benefit of the bargain reached in the original final settlement. This case involves a governmental participant, and implementation of the Schools Plan is a vital component of the injunctive relief sought by Plaintiffs. (Doc. 73 p. 5). Counsel for Plaintiffs and KCSOS both agree that the proposed amendments are necessary to fully implement their agreed upon Schools Plan. (Doc. 78 pp. 8-9).

*   *   *   *   *

Given the substantial work already undertaken by the parties in furtherance of accomplishing the class action settlement's goals and their expectation that the extended time period granted herein to resolve any lingering discrepancies will be sufficient, the Court is optimistic the parties will seek no further modifications/amendments to the settlement agreement. In the event any further modifications of the settlement agreement or extensions of the Monitoring Term are sought, the Court will direct the parties to confer and identify in any stipulated request three dates of mutual availability to appear for hearing at which knowledgeable real parties in interest (*i.e.*, Dr. Elliott and Dr. Mendiburu) shall be present.

**Conclusion and Order**

Accordingly, for good cause shown, the Court **GRANTS** the parties' stipulated request to further modify the class action settlement agreement to the extent of incorporating the Third Addendum (Doc. 78-2) and the extended timetable set forth therein.

Further, the Clerk of the Court is **DIRECTED** to substitute Dr. John G. Mendiburu in place and stead of Dr. Marcy Barlow as named Defendant in his official capacity pursuant to Federal Rule of Civil Procedure 25(d).

Further, the parties are **ORDERED** to identify in any future, stipulated request for further amendment to the class action settlement agreement or extension of the Monitoring Term three

dates of mutual availability within 30 days of the filing of any stipulated request to appear for hearing at which knowledgeable real parties in interest (*i.e.*, Dr. Elliott and Dr. Mendiburu) shall be present.

IT IS SO ORDERED.

Dated: __**October 11, 2024**__   _____
UNITED STATES MAGISTRATE JUDGE